Fred E. BRUCE

v.

OUACHITA COCA–COLA BOTTLING COMPANY, INC., et al.

Civ. A. No. 91–0186.

United States District Court,
W.D. Louisiana,
Alexandria Division.

May 26, 1993.

Donald R. Wilson, Gaharan & Wilson, Jena, LA, for plaintiff.

George R. Collier, Jr., Arnold Pettway Dixon & Collier, Monroe, LA, David P. Spence, Provosty Sadler & deLaunay, Alexandria, LA, and Robert Joseph Bozeman and Thomas G. Zentner, Jr., Theus Grisham Davis & Leigh, Monroe, LA, for defendants.

### RULING

LITTLE, District Judge.

A brief review of the facts surrounding this distasteful matter is in order. This case was filed in January of 1991. The scheduling order issued in February of 1992. The scheduling order established a pretrial conference for September of 1992. No pretrial material was filed. This court's order of 17 September 1992 cancelled the conference and in so doing employed these words:

> It is a waste of court time to hold the conference. The pretrial conference is cancelled. Appropriate sanctions will be the subject of a future court order, which may include case dismissal for failure to follow the court's scheduling order.

In December of 1992, another scheduling order issued setting the pretrial conference for 24 March 1993. Detailed pretrial filings were again required. Again, no filings by the plaintiff, the responsible party, were produced. The case was dismissed for failure to follow, on two occasions, the orders of this court.

Two weeks after the order of dismissal, plaintiff's attorney filed a motion for reinstatement. In that motion the attorney acknowledged that he had failed to comply with the court order concerning the first pretrial conference. The motion goes on to state, and is supported by the attorney's affidavit, that until 23 March 1993, counsel was "unaware" that a pretrial conference had been scheduled for 24 March 1993. Specifically, attorney Donald R. Wilson avers by affidavit:

> [A]t no time prior to March 23, 1993, had he ever seen or was he aware of the entry of the scheduling order by this court scheduling the pretrial conference for that date. That, until March 23, 1993, he was unaware that a pre-trial conference had been scheduled in this matter for March 24, 1993, and that, at no time prior to March 23, 1993 had he ever seen or was he aware of the entry of a scheduling order by this court scheduling the pre-trial conference for that date. That his failure to comply with the standing orders of this court regarding submission of pre-trial materials was inadvertent, and was due to the fact that affiant was unaware that a pre-trial conference had been scheduled and that pre-trial materials were due.

The motion contained the usual certification that attorney Wilson had sent a copy of the motion to attorney Robert Collier "properly addressed."

This court communicated with the office of the clerk of court. The record reflected that the scheduling orders were sent. The responsible clerk reported that the mailed notices were never returned to the clerk's office. The other addressees in the same case received their notices. Although the court felt uneasy and uncertain about the facts, it issued an order of reinstatement employing the following temperate language:

> The court has its own feelings on the issue. For the benefit of the client, however, the matter is reinstated and a new scheduling order will issue giving plaintiff's counsel abundant time to be prepared.

The court's order was mailed to all counsel on 13 April 1993. As we have stated, the order of reinstatement was granted in response to the motion of attorney Wilson.

The court was surprised to receive a response to the motion for reinstatement filed by Robert Collier, counsel for the defendant. Attorney Collier informed the court that in four separate pieces of correspondence from him to attorney Wilson, the impending pretrial conference was discussed.

The court communicated by telephone with attorney Collier. The court was interested in receiving an explanation from Mr. Collier as to his seemingly unhurried response to the Wilson motion. A copy of the Wilson motion, according to Mr. Collier, had been sent by Mr. Wilson to an address that had long ceased to be that of Mr. Collier. In fact, all of the relevant correspondence from Collier and from Wilson reflect the correct address of Mr. Collier. Only the copy of the motion to reinstate was sent to an aged and inoperative address.

Sensing something rotten in Denmark, this court issued the following minute entry on 13 April 1993:

> By letter of 12 April, received this date, counsel for defendant advises that the copy of the communication dated 5 April from attorney Wilson to the undersigned was not received by defendant's counsel until 12 April. Defendant's attorney also advises that counsel for plaintiff employed an office address for defendant that had not been utilized "for a number of years."

Of added importance are Monroe counsel's conclusions concerning the now aborted pretrial conference of 24 March. Defendant's counsel asserts that he corresponded regularly with plaintiff's attorney about the pretrial conference and preparation for that conference. Attached to attorney Collier's response to the motion for reinstatement are photocopies of his letters to attorney Wilson. Assuming those letters were received by attorney Wilson, the court cannot square that receipt with attorney Wilson's warranty that the first time he became aware of the entry of an order fixing the pretrial conference was 23 March 1993.

The filings by attorney Collier cast a different light on the proceedings, so much so that the court will reconsider its previous ruling for reinstatement. A hearing will be necessary to determine the facts. The court considers this a serious situation and invites attorney Wilson to associate counsel of his choice.

A hearing will be held in Alexandria, Louisiana on 10 May 1993 at 10:00 a.m.

At the hearing of 10 May 1993, both Mr. Wilson and Mr. Collier appeared. Mr. Collier informed the court that four separate letters were sent by him to Mr. Wilson. Bits and pieces of those letters, introduced in evidence and filed in the record, justify reproduction.

### Letter of 18 January 1993

Dear Don:

As you are aware, Judge Little has issued a revised scheduling order in the above captioned matter.... In any event, I have requested on several occasions that you provide me with a copy of the medical records ... and exhibits.... You have provided me with absolutely no information regarding any medical expenses incurred during the 36 month period.... As you know, counsel are required in a federal court proceeding to "discuss a rational, commercial solution to this litigation." (Here, attorney Collier is quoting from the scheduling order issued by this court.) Obviously, it is impossible to discuss any solution to this matter unless you provide me with information regarding your claims.

### Letter (by fax) of 2 February 1993

Dear Don:

As you know, I corresponded with you on January 18, 1993 regarding the above captioned matter. I enclose a copy of my letter for your reference.... If I do not hear from you by the end of the day tomorrow, February 3 (Wednesday), I will have no choice but to file interrogatories and requests for production, so that I may have your response prior to the date of which the pre-trial statement will be required (March 10, 1993).

### Letter (by fax) of 26 February 1993

Dear Don:

As you are aware, the pre-trial statement will be due no later than March 10, 1993.

Letter (by fax) of 16 March 1993

Dear Don:

Also, as indicated in my letter, the pretrial statement was due to be filed no later than March 10, 1993. I have yet to receive a draft of such statement from you. As you know, it is plaintiff's responsibility to prepare the statement and circulate it to counsel for comments and/or revisions. The pre-trial, according to the scheduling order, is to be held on March 24, 1993. Please let me hear from you as soon as possible.

Attorney Donald Wilson made comments to the court in explanation of his professional behavior. He does not contend that the court notice was misdirected, but that the docketing of the notice escaped his attention and that of his secretary. He does not contend that the Monroe missives were not received but that the content of each escaped his attention. He argues that it is illogical for him intentionally to avoid meeting with the court because it is the function of that meeting to narrow issues and set a trial date. He seeks justice for his client, justice will result from a trial. Ergo, avoidance of trial repels justice for his client.

We need not inflate this factual analysis with a recitation of references to phone communications between the attorneys wherein the pretrial deadlines were undoubtedly discussed. We are called upon to determine from the evidence if attorney Donald Wilson knew of the pretrial conference and scheduling order deadlines or was unaware of those court commandments. The evidence is clear, convincing, and overwhelming that attorney Wilson knew but disregarded the scheduling order mandates. We have reinstated the case for the benefit of the plaintiff, who should not now suffer for his attorney's nonperformance, and now consider appropriate sanctions.

The evidence admits of no other finding than that an intentional disregard of a court order and intentional misinformation regarding nonperformance. The additional expense to which the court and the parties have been exposed due to Mr. Wilson's transgressions is important. We are aware of the time lost to the parties in having this matter adjudicated. Moreover, the tarnishing of an attorney's reputation in the bar and before the bench, which will undoubtedly result after the publication of this opinion, has not escaped our attention. We are saddened by the fact that the penalty for the peccancy falls upon one who has been an object of encomium. The condign sanction follows. Attorney Donald Wilson shall, without expense to his client, pay to the opposing counsel the sum of $500, which amount is not less than the value of the time and expense to which that counsel has been unnecessarily exposed by attorney Wilson. Attorney Wilson shall also pay into the registry of this court the sum of $2,000. Both payments shall be perfected within 30 days. The payments will be suspended in the event of appeal.